JOHN E. McMURTRY ET AL., PARTNERS, ETC., AS JOHN E. McMURTRY & COMPANY, PLAINTIFFS, v. FARM SERVICE EXCHANGE, INCORPORATED, DEFENDANT.

Decided October 19, 1925.

**Sale of Goods—Commissions—Counter-claim For Damages Due to Loss Attending Failure to Sell According to Instructions— Second Trial—Both Trials Resulting in Verdict For Defendant on Counter-claim—Second Trial Will Not Be Set Aside Except Under Very Unusual Circumstances—Such Circumstances Not Apparent Here.** ·

On rule for new trial. ·

Before GUMMERE, CHIEF JUSTICE, and. Justices KALISCH and CAMPBELL.

For the plaintiffs, *John Wahl Queen*.

For the defendant, *John Millon*.

PER CURIAM.

The suit was brought by the plaintiffs to recover $909 claimed to be due for commissions and other charges under a contract made with the defendant to sell wool consigned by the latter to the plaintiffs. The defendant answered, claiming that the commissions had not been earned, because of the failure of the plaintiffs to perform the conditions of the agreement which they were required to perform in order to be entitled to commissions. They also counter-claimed, setting up, first, that after the failure of the plaintiffs to sell the wool promptly on commission, in accordance with the terms of the contract, the parties got together, and that the defendant sold to the plaintiffs the wool which had not been disposed of for $11,451; that plaintiff paid the $5,451 on account of the purchase-money, leaving a balance due of $6,000. They also set up an additional counter-claim that,

after there had been a delay on the part of the plaintiffs for many months in disposing of the wool, the defendant ordered them to sell the same forthwith; that this order was not complied with; that the plaintiffs delayed for a long time in disposing of the wool; that, in the meantime, the market price had fallen considerably, and that they had suffered damages by reason of the failure to obey this direction to the same amount as was averred in the first count of the counter-claim.

This is the second trial of this issue. The first trial resulted in a verdict for defendant, and upon a rule for a new trial that verdict was set aside and a new trial ordered. The second trial resulted, also, in a verdict against the plaintiff on its cause of action and in favor of the defendant on the counter-claim, the jury awarding $3,794.11.

On the hearing had on the first rule this court concluded, from an examination of the testimony, that the verdict of the jury was against the clear weight of the evidence, either on the claim of a sale made to the plaintiffs or on the cliam of the failure of the plaintiffs to observe the direction to sell, under the circumstances, which we have already stated. Apparently, the testimony submitted is not different from that taken at the first trial.

The first contention is that we ought to set this second verdict aside as against the weight of the evidence. It must be conceded that the question whether there was a sale to the plaintiff, or whether there was a failure on the part of the plaintiffs to sell at the market as directed by the defendant was for the jury, and, ordinarily, this court will not disturb the second verdict on the ground that it was against the weight of the evidence on the question of liability except under very unusual circumstances. This is the doctrine of *Brown* v. *Paterson Paper Co.*, 69 *N. J. L.* 474. We see nothing unusual in this case different from the cited one.

The only other point which is argued before us is that the verdict was contrary to law. We do not know just what this means. The verdict of a jury is based upon the instructions of the trial court with relation to what the law is, and they

are bound to accept it as the judge gives it to them. If the judge errs in his charge to the jury, the proper course is to except to the alleged erroneous instructions. If this is not done, the verdict, based upon the instructions, cannot be attached as being contrary to law.

The rule to show cause is discharged, with costs.